**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**HENRY T. DILLS,
RAY A. CASANO,**

                **Plaintiffs,**

**-vs-**                                                      **Case No. 6:06-cv-139-Orl-18DAB**

**JOHN L. WALTER,
BARBARA L. WALTER,
SALLIANN WALTER,**

                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFFS' APPLICATION[1] TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **February 6, 2006** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

    Plaintiffs seek to proceed in this action *in forma pauperis*. In order to proceed this way, Plaintiffs must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiffs' complaint is unclear and, in some respects, ambiguous as to the relief sought and the legal bases for seeking relief.

    The gist of their Complaint is apparent, however: Plaintiffs allege that the Defendants (private citizens) interfered with Plaintiff Henry Dills' "adoption" of their granddaughter Christina whom they

---

[1]Plaintiffs also can not file a single application; they must file individual applications.

are raising themselves. According to the Complaint, Plaintiff Dills had arranged with Defendants' daughter for him to be listed as the purported father (although he was not) on the birth certificate; someone has since apparently sought social security benefits for the child as a dependent based on the disabled status of Plaintiff Dills, who receives $802 per month. Doc. No. 1 at 3. Plaintiffs also contend that the Defendants forged the endorsement on a paycheck of Plaintiff Casano's (which has now been "taken care of"), and tricked Plaintiffs into giving them $10,000 from the proceeds of the sale of a house in Kissimmee, Florida that the parties apparently may have co-owned. Doc. No. 1 at 4-5.

Plaintiffs do not cite any federal statutes in their Complaint.[2] Plaintiffs list possible tort claims under state law for fraud, perjury, theft, forgery, deception, and "child endangerment." Doc. No. 1 at 2. The Court cannot, on the basis of this Complaint, determine whether Plaintiffs have stated (or could state) cognizable claims under state law for these matters. It is obvious, however, that Plaintiff has not raised any *federal* issue that can be heard in this Court.

Jurisdiction under the diversity statute is lacking because Plaintiffs have not alleged an amount in controversy greater than $75,000. Plaintiffs' reliance on supplemental jurisdiction for this court to consider state law claims applies only when there is at least one claim over which there is direct jurisdiction.

Plaintiffs' remedies must lie, if at all, with the state courts which have general jurisdiction to hear tort and contract cases and family law or adoption matters.

---

[2]Plaintiffs do list a claim for mail fraud without elaboration, since the only reference is to a fax sent by one of the Defendants.

It is recommended that Plaintiffs' application be denied and that the action be dismissed if Plaintiffs fail to pay the required filing fee within 11 days from the date of any Order adopting or affirming this Report and Recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 7, 2006.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Parties
Courtroom Deputy